THE STATE, EX REL. MIDLAND-ROSS CORPORATION, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 84AP-93—Decided December 31, 1984.)

*Seeley, Savidge & Aussem Co., L.P.A.,* and *Thomas M. Carolin,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Keith A. Wilkowski,* for respondent Industrial Commission.

*George N. Fell II,* for respondent Ernie W. Boles.

WHITESIDE, J. By this original action in mandamus, relator, Midland-Ross Corporation, seeks a writ ordering respondent Industrial Commission to reimburse relator from the Surplus Fund for the amount of temporary total compensation paid to respondent Ernie W. Boles for the period of November 2, 1979 to February 3, 1982.

Relator is the self-insured employer of Boles, who sustained an industrial injury in the course of and arising out of his employment on or about January 17, 1969. Boles filed a claim for temporary total compensation and for allowance of his claim for a mental condition known as "depressive neurosis." In September 1981, a district hearing officer allowed the claim for the condition of depressive neurosis but found insufficient proof to indicate temporary total disability. The Toledo Regional Board of Review, however, on February 3, 1982, modified the district hearing officer's decision and allowed the claim for temporary total disability commencing November 2, 1979. Such compensation was paid by relator. On January 3, 1983, a staff hearing officer for the board entered an order denying the claim for the psychiatric condition and for temporary total disability compensation. Claimant filed an appeal from this decision of the Industrial Commission to the Lucas Coun-

ty Court of Common Pleas, which appeal is still pending in that court. Relator applied to the Industrial Commission for reimbursement from the Surplus Fund for the amount of temporary total disability benefits paid by it to the claimant in accordance with the February 3, 1982 order of the regional board. The Industrial Commission denied the request for reimbursement because of the pendency of the appeal to the common pleas court, apparently finding the request premature.

R.C. 4123.515 provides that, where a regional board of review finds in favor of a claimant, compensation shall be paid by a self-insured employer regardless of whether further appeal is taken, but also provides:

"* * * If the claim is subsequently denied, payments shall be charged to the surplus fund created under division (B) of section 4123.34 of the Revised Code, * * * and if the employer is a self-insurer such amount shall be paid to the self-insurer from said surplus fund."

Relator contends that R.C. 4123.515 confers upon it a right to reimbursement from the Surplus Fund regardless of the pendency of claimant's appeal to the common pleas court. Respondent Industrial Commission, on the other hand, contends that reimbursement of relator must await the outcome of the claimant's appeal to the common pleas court, pointing to R.C. 4123.519, which provides, in part:

"An appeal from a decision of the commission * * * in a case in which an award of compensation has been made shall not stay the payment of compensation under such award or payment of compensation for subsequent periods of total disability during the pendency of the appeal. In the event payments are made to a claimant which should not have been made under the decision of the appellate court, the amount thereof shall be charged to the surplus fund under division (B) of section 4123.34 of the Revised Code. * * * In the event the employer is a self-insurer, such amount shall be paid to the self-insurer from said surplus fund. * * *"

Relator points out that, prior to 1977, the reimbursement provision of R.C. 4123.515 provided that:

"* * * In the event payments are made to a claimant which should not have been made under the final decision in the appeal of the claim, the amount of such payments shall be charged to the surplus fund * * *." (See 129 Ohio Laws 582, 875, 876.)

Relator contends that the change in the language, by the 1977 amendment to R.C. 4123.515 (see 136 Ohio Laws, Part I, 1075, 1152, 1153), to the present language of "[i]f the claim is subsequently denied, payments shall be charged to the surplus fund * * *" indicates a legislative intent for a change in the meaning of the section. However, under pre-1977 R.C. 4123.515, payment commenced after an award by the administrator pursuant to the section providing that "[a]ppeal from a decision of the administrator * * * shall not stay the payment of compensation payable under such award for the weeks after the date on which the claim is filed * * *." (See 129 Ohio Laws 582, 875, 876.) It is arguable, at least, that the words "final decision in the appeal of the claim" referred back to the appeal from a decision of the administrator and not to the final determination of the appeal to a court, which is the identical argument that relator makes with respect to the present language of "[i]f the claim is subsequently denied." The amended statute also delays payment of compensation awarded by a district hearing officer during the pendency of an appeal to the regional board of review. It is only where the regional board rules in favor of the claimant that compensation is paid regardless of whether a further appeal is taken.

Where the sole issue in a compensa-

tion determination is the extent of disability of the claimant, application of R.C. 4123.515 will operate as relator contends. Payment of compensation will be made pursuant to the decision of the regional board awarding such compensation and continue until a subsequent denial of such compensation by the Industrial Commission upon appeal. At that point, the self-insurer who paid the compensation to the claimant will be entitled to be reimbursed from the Surplus Fund since there is no right of appeal from a decision of the Industrial Commission as to the extent of disability.

Here, however, the stipulated facts indicate that the staff hearing officer in vacating the order of the regional board did so for the reason that the claimant does not have a psychiatric condition related to the allowed injury. There was no finding by the staff hearing officer as to the extent of disability finding claimant not to be temporarily totally disabled as the result of the psychiatric condition. Thus, the issue determined by the staff hearing officer was solely one as to allowance of the claim for the psychiatric condition, not one as to extent of disability. Accordingly, the order was appealable, and was appealed, to the common pleas court. It is for this reason that the Industrial Commission in denying relator's request for reimbursement found that there has been no final decision in the claim. Thus, from an extent-of-disability standpoint, relator's claim for temporary total disability compensation has not been denied. Rather, the denial was of an allowance of the psychiatric condition as a condition related to the industrial injury. In short, the staff hearing officer did not reinstate the district hearing officer's finding of lack of sufficient proof to indicate temporary total disability, an extent-of-disability issue. Rather, the staff hearing officer vacated that part of the district hearing officer's order finding the claim to be allowed for the psychiatric condition which was affirmed by the regional board.

Under the circumstances of this case, we find that relator does not have a clear legal right to the requested writ ordering payment to it from the Surplus Fund at this time since the regional board's extent-of-disability determination has not been modified by the Industrial Commission which determined only the issue of allowance of the psychiatric condition, although adversely to claimant.

For consistent and reasonable application of R.C. 4123.515, it is necessary to construe the words "[i]f the claim is subsequently denied" to mean the ultimate determination of the claim whether at the administrative level or upon appeal to the courts pursuant to R.C. 4123.519. Thus, if the denial be predicated upon an extent-of-disability determination which is not appealable, reimbursement from the Surplus Fund shall be made following a denial by the Industrial Commission upon appeal. On the other hand, if the denial be predicated upon a decision other than one as to the extent of disability, such as the allowance of a condition as is herein involved, the "subsequent denial" does not occur until final determination of the issue on appeal, if an appeal be taken pursuant to R.C. 4123.519.

Contrary to relator's contentions, what is meant by a subsequent denial of the claim is not clearly set forth in the statute and construction is required predicated upon the usual rules of statutory construction. To reach the result relator contends is proper, this court must construe the words to apply only to an administrative determination or to apply to an interim denial as opposed to a final denial. We construe the language to refer only to the final determination of the issue upon which denial is predicated. Where, as here, the denial is predicated upon an appealable allowance issue, the final determination of the

claim is dependent upon the result of the appeal to the courts.

We do not construe the statute as to require reimbursement from the Surplus Fund where the issue upon which denial is predicated is appealed to the common pleas court, until final determination of that appeal resulting in a denial of the claim. There is no provision for recoupment by the commission of a reimbursement made to an employer because of a denial of a previously allowed claim by the commission where the commission's decision denying the claim is later reversed upon appeal to the courts. Thus, we cannot construe the statute to place a self-insured employer in a better position where a regional board has initially allowed the claim than it would be if the regional board had initially denied the claim. If the final determination of the R.C. 4123.519 appeal herein is allowance of the claim, this is the result that would have ensued if the requested writ had been issued and reimbursement had been made to relator from the Surplus Fund. Accordingly, relator not having shown a clear legal right to the requested writ, the writ is denied.

*Writ denied.*

HOFSTETTER, J., concurs.

MOYER, J., dissents.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

MOYER, J., dissenting. I respectfully dissent from the opinion of the majority since I believe the words used by the General Assembly when it amended R.C. 4123.515 must be given their plain meaning. By using the phrase "[i]f the claim is subsequently denied," the General Assembly intended that any subsequent denial of an allowed claim would result in the employer being reimbursed from the Surplus Fund for the amount of temporary total compensation paid to a claimant. If the General Assembly had intended the result created by the majority, it would have used such terms as "final denial" or "ultimate denial." I would therefore grant the writ.